IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FREDERICK G. FIELD,

          Petitioner,

    v.

JOHN MYRICK,

          Respondent.

Case No. 2:20-cv-00574-HZ

ORDER TO DISMISS

HERNANDEZ, District Judge.

This 28 U.S.C. § 2254 habeas corpus case comes before the Court on Petitioner's Motion to Stay and Abey (#13), Respondent's Motion to Dismiss (#14), and Petitioner's Motion to Withdraw Without Prejudice (#20). The foundation for Petitioner's Motion seeking to stay this case is the Supreme Court's recent decision in *Ramos v. Louisiana*, 140 S.Ct. 1390 (2020), where it concluded that the Sixth Amendment right to a jury trial requires jury unanimity in order to convict a criminal defendant of a serious offense in either state or

1 - ORDER TO DISMISS

federal court. Shortly after issuing the *Ramos* decision, in *Edwards v. Vannoy*, No. 19-5807, the Supreme Court granted certiorari on the issue of whether *Ramos* applies retroactively to cases on collateral review. Petitioner asks the Court to stay his habeas corpus case until the Supreme Court decides the retroactivity issue, and is currently litigating the *Ramos* issue in ongoing state post-conviction proceedings.

Respondent opposes the Motion to Stay on the basis that the Petitioner cannot establish good cause for a stay as required by *Rhines v. Weber*, 544 U.S. 269, 275 (2005). Because Petitioner presents the Court with a mixed Petition and still has a post-conviction case pending in Oregon's state courts, Respondent moves the Court to either dismiss the case without prejudice, or allow Petitioner the opportunity to dismiss his unexhausted claims and proceed only on his exhausted claims. *See Rose v. Lundy,* 455 U.S. 509 (1982).

In response, Petitioner submitted his Motion to Withdraw in which he represents that he will voluntarily dismiss this case without prejudice if he is assured that any future refiling of this action will be proper. The Court cannot provide litigants with legal advice, and it cannot issue advisory rulings. However, Respondent takes the position that the one-year statute

2 - ORDER TO DISMISS

of limitations applicable to habeas corpus petitions is currently being tolled during the pendency of Petitioner's ongoing state post-conviction action, and that Petitioner will be able to refile the current action if he is reasonably diligent in doing so after the conclusion of those proceedings. Response to Motion to Stay (#15), p. 2. In addition, Respondent provides in his Motion to Dismiss that "Because the habeas petition will be dismissed without prejudice, petitioner may refile a habeas petition once he has fully exhausted all of the claims he intends to assert." Motion to Dismiss (#14), p. 2. Given this record, the Court grants Petitioner's Motion to Withdraw Without Prejudice, and with leave to refile.

## CONCLUSION

Petitioner's Motion to Withdraw Without Prejudice (#20) is granted, and the Court dismisses this action without prejudice to Petitioner's right to refile the case once his state post-conviction proceedings have concluded. Petitioner's Motion to Stay and Abey (#13) and Respondent's Motion to Dismiss (#14) are denied as moot.

///

///

///

3 - ORDER TO DISMISS

Petitioner is encouraged to refile this 28 U.S.C. § 2254 habeas corpus case as soon as practicable following the conclusion of his state post-conviction proceedings.

IT IS SO ORDERED.

DATED this  7   day of August, 2020.

_____
Marco A. Hernandez
United States District Judge

4 - ORDER TO DISMISS